RECEIVED
STATESVILLE, N. C.

MAR 1 2 1998

U.S. District COURT
W. DIST. OF N.C.

FILED
ASHEVILLE, N. C.

MAR 6 1998

U.S. DISTRICT COURT
W. DIST. OF N. C.

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:96MC16**

IN RE:                                          )
    **BAIBA BOURBEAU**                    )
                          )
_____)

## <u>MEMORANDUM AND CONSENT ORDER</u>

**THIS MATTER** is before the Court pursuant to the Court's Order to Bourbeau filed

December 22, 1995, to appear and show cause why she should not be disciplined for professional

misconduct and pursuant to the Court's Order filed February 23, 1996, to Bourbeau to appear and

show cause why she should not be held in contempt for failure to pay the sanctions previously

awarded in the case of *Roberta Radtke Burnett v. William R. MacDonald, et ux., Elizabeth

MacDonald,* Civil No. 1:93CV155 (W.D.N.C.).

The Court finds that Ms. Bourbeau has wilfully and intentionally flouted the will of the Court

in her failure to pay any amount toward this contempt sanction since it was entered nearly three years

ago, despite evidence indicating that she is able to do so. The Court also takes note of the fact that

Ms. Bourbeau has failed to make any payments toward the North Carolina state court contempt

sanctions that were entered against her in the same litigation cycle totaling $22,836.65.

This multitudinous litigation began as a state law dispute regarding the use of a common right-

of-way between adjoining property owners. Ms. Bourbeau's behavior throughout the course of the

litigation violated the oaths she took before the state and federal courts which have admitted her to

10

practice, as well as the basic principles of professional conduct. Ms. Bourbeau's client, Roberta Radtke Burnett, lost her home and eventually spent ten months in state prison having been convicted of charges stemming from her own behavior in the litigation--behavior which Ms. Bourbeau not only failed to check, but actively encouraged. Ms. Burnett's civil opponents, the MacDonalds, have spent between $40,000 and $50,000 defending themselves against frivolous civil lawsuits and criminal warrants, all of which were dismissed. Ms. Bourbeau failed to exercise the barest modicum of professional judgment, both in the course of litigation she pursued and in failing to differentiate between her client's immediate desires and her own responsibility as an officer of the court. The Court is gravely concerned that Ms. Bourbeau would pose a threat to future clients if she were allowed to continue unsupervised in the practice of law.

Not stopping at the devastation she caused to her client and the MacDonalds, Ms. Bourbeau went on to sue her opposing counsel and every state judge who had ever ruled on any aspect of this frivolous litigation. In so doing, she caused needless expense to the State of North Carolina, to her opposing counsel, and to the federal court system in forcing it to entertain a completely unmeritorious lawsuit. She has further called into question the integrity of the courts sitting in Buncombe County by stating in an interview with the press that she could not obtain a fair result from the state court system because she was not politically connected.

Such behavior, and the flagrant refusal to pay sanctions resulting therefrom, calls into disrepute the integrity and honor of both state and federal courts, as well as the entire legal profession, and constitutes serious violations of the North Carolina Rules of Professional Conduct.

**IT IS, THEREFORE, ORDERED** that for Baiba Bourbeau's willful and intentional contempt of this Court, that Baiba Bourbeau's right to practice law in federal court for the Western

District of North Carolina is hereby **SUSPENDED**, until she has purged herself of all outstanding state and federal contempt sanctions (plus attorney's fees determined by the Court to be due) and has been reinstated to the practice of law before the federal courts by the undersigned or another judge sitting in the United States District Court for the Western District of North Carolina.

**IT IS FURTHER ORDERED** that Baiba Bourbeau make an initial payment of **TEN THOUSAND DOLLARS ($10,000.00)** to the Clerk of this Court on or before March 13, 1998, and that she thereafter make payments of **FIVE HUNDRED DOLLARS ($500.00)** by the fifth of every month to the Clerk of this Court, beginning April 5, 1998, and continuing until such time as she has paid in full all outstanding federal contempt sanctions, totaling **SIXTEEN THOUSAND, ONE HUNDRED TWENTY-FIVE DOLLARS AND SIXTY-FIVE CENTS ($16,125.65)**, and the costs of her court-appointed representation, less such amount (other than court-appointed attorneys fees) as is paid by her client, Roberta Radtke Burnett. No interest penalty shall be added to this sanction, provided that Ms. Bourbeau does not fail to make any payments due.

**IT IS FURTHER ORDERED** that upon purging herself of contempt before this Court, Ms. Bourbeau shall proceed immediately to pay the same amount into the Clerk of Court, Buncombe County, North Carolina, by the fifth of every month until such time as she has purged herself of contempt sanctions in state court totaling **TWENTY-TWO THOUSAND, EIGHT HUNDRED THIRTY-SIX DOLLARS AND SIXTY-FIVE CENTS ($22,836.65)**. No interest penalty shall be added to this sanction, provided that Ms. Bourbeau does not fail to make any payments due.

**IT IS FURTHER ORDERED** that the failure of Ms. Bourbeau to make any payment in a timely fashion called for in this Order may result in the Court revisiting this matter and entering an order disbarring Ms. Bourbeau from federal practice in the Western District.

Given the Court's serious concern about Ms. Bourbeau's unprofessional conduct,

**IT IS FURTHER ORDERED** that, for Ms. Bourbeau's violations of the North Carolina Rules of Professional Conduct, she is hereby **SUSPENDED** from the practice of law in the United States District Court for the Western District of North Carolina for **FIVE YEARS**, which suspension shall be stayed for **FIVE YEARS** on the following conditions:

1. That Ms. Bourbeau make an initial payment of **TEN THOUSAND DOLLARS ($10,000.00)** to the Clerk of Court for the Western District of North Carolina on or before March 13, 1998;

2. That Ms. Bourbeau make payments of **FIVE HUNDRED DOLLARS ($500.00)** to the Clerk of Court of the United States District Court for the Western District of North Carolina by the **FIFTH** day of every month beginning **APRIL 5, 1998,** and continuing until such time as she has paid in full all outstanding federal contempt sanctions totaling **SIXTEEN THOUSAND, ONE HUNDRED TWENTY-FIVE DOLLARS AND SIXTY-FIVE CENTS ($16,125.65);**

3. That Ms. Bourbeau make payments of **FIVE HUNDRED DOLLARS ($500.00)** to the Buncombe County Clerk of Superior Court by the **FIFTH** day of every month beginning **JUNE 5, 1999,** and continuing until such time as she has paid in full all outstanding sanctions totaling **TWENTY-TWO THOUSAND, EIGHT HUNDRED THIRTY-SIX DOLLARS AND SIXTY-FIVE CENTS ($22,836.65).**

4. Ms. Bourbeau shall be required to report to Stephen P. Lindsay, Attorney at Law, on all cases being handled by her and to work under his supervision in the capacity as a paralegal on Fridays of every week until further notice and for so long as any portion of the federal or state

sanctions remain unpaid. Any sums earned by Ms. Bourbeau shall be paid by Mr. Lindsay into the appropriate court toward Ms. Bourbeau's sanctions; and

5.     Ms. Bourbeau shall comply with all requirements of the North Carolina State Bar Department of Continuing Legal Education, and shall timely pay all costs and mandatory membership fees assessed by the North Carolina State Bar.

**IT IS FURTHER ORDERED**, as part of the Court's Order of Professional Discipline for Ms. Bourbeau's violations of the Rules of Professional Conduct, that if Ms. Bourbeau violates any conditions of the stay of the suspension of her right to practice law, she shall not be reinstated to the practice of law until such time, if ever, that she pays all outstanding federal and state sanctions as set forth in paragraphs 2 and 3 above.

The Court retains jurisdiction of this cause until Ms. Bourbeau has satisfactorily complied with all terms set forth herein.

The Clerk of Court is directed to certify copies of this Memorandum and Consent Order to all attorneys of record, the Judges and Magistrate Judges of the Western District of North Carolina, the North Carolina State Bar, Ms. Bourbeau and her attorney, and the Clerk of Superior Court for Buncombe County.

The Clerk of Court is directed to file a duplicate original of this Memorandum and Consent Order in Civil No. 1:93CV155, *Burnett v. MacDonald, et al.*

6

THIS the ___6ᵗʰ___ day of March, 1998.


_____
LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE


**THIS ORDER** is entered by consent of Ms. Bourbeau and counsel. Ms. Bourbeau certifies by acceptance of this Order that she understands fully the contents of same and has discussed with her attorney the contents thereof, her responsibilities thereunder, and the possibility of further action by the Court in the event she fails to comply herewith.


_____
BAIBA BOURBEAU


_____
STEPHEN P. LINDSAY